■ In the Matter of the PROPERTY CLERK OF POLICE DEPARTMENT OF CITY OF NEW YORK, Appellant, v MAURICE ROSEA, Respondent. — Order and judgment (one paper), Supreme Court, New York County (Stanley Parness, J., on judgment; decision by A. M. Ascione, J.), entered June 29, 1983, directing petitioner to return to respondent a certain taxicab and medallion is modified,

on the law, to the extent of reversing said order insofar as relates to the taxicab and declaring said taxicab to be forfeited, and the order-judgment is otherwise affirmed, without costs. ¶ This is a proceeding for the forfeiture of a taxicab and a medallion pursuant to section 415.00 of the Penal Law and section 435-4.0 (subd e, par 1) of the Administrative Code of the City of New York. Special Term granted judgment in favor of respondent because the court held that the case fell within the provision of subdivision 2 of section 415.00 of the Penal Law: "However, such forfeiture and seizure provisions shall not apply to any vehicle, vessel or aircraft used by any person as a common carrier in the transaction of business as such common carrier." While the vehicle was indeed a yellow taxicab, the firsthand evidence submitted on behalf of the petitioner shows that the vehicle was not in fact being "used * * * as a common carrier in the transaction of business as such common carrier." The evidence indicates that, at least with respect to the incidents involved, the vehicle was not being used in normal livery services but was being used merely to transport gambling records. ¶ This being a special proceeding, CPLR 409 (subd [b]) applies: "(b) Summary determination. The court shall make a summary determination upon the pleadings, papers and admissions to the extent that no triable issues of fact are raised. The court may make any orders permitted on a motion for summary judgment." No factual evidence is submitted by respondent sufficient to raise an issue of fact as to such use. ¶ Furthermore, the evidence indicates that the gambling operation involved was a "policy scheme or enterprise," and that the volume of records involved meets the standards of section 415.00 (subd 1, par [b]) of the Penal Law, i.e., writings reflecting more than 500 plays or chances. ¶ However, we do not think the forfeiture of the medallion is authorized in this proceeding. The medallion is of no value as physical property; its great value is as evidence that the owner has a license to use the vehicle as a taxicab; this license is an intangible right and is not physical property; in particular, it is not the vehicle or any part thereof. Subdivision 2 of section 415.00 of the Penal Law authorizes only the seizure of any "vehicle, vessel or aircraft"; a medallion is none of these. ¶ Section 435-4.0 (subd e, par 1) of the Administrative Code states that where "moneys or property * * * have been used as a means of committing crime or employed in aid or in furtherance of crime * * * or have been employed in or in connection with or in furtherance of any such gambling activity," including bookmaking or policy, a person who so uses or employs such moneys or property shall not be deemed to be the lawful claimant entitled to any such moneys or property. Clearly the medallion is not money; and we think the "property" involved must be physical property, itself used in or in furtherance of the gambling enterprise. The police officer's supporting affidavit states that the fact that the taxicab had a medallion enabled the vehicle to blend into the community and move from location to location without arousing suspicion. However, as the statutes involve forfeiture, we do not think they should be extended beyond their ordinary meaning. ¶ Accordingly, we hold that forfeiture of the medallion cannot be effected under the procedures of section 415.00 of the Penal Law or section 435-4.0 (subd e, par 1) of the Administrative Code. Of course we do not pass on the question of what powers any regulatory agency having jurisdiction of taxicabs may have with respect to the license evidenced by the medallion. Concur — Murphy, P. J., Ross, Silverman, Fein and Alexander, JJ.